UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER DALTON,<br><br>        Petitioner,<br><br>   v.<br><br>DARRELL ADAMS,<br><br>        Respondent. | No. 2:16-cv-3042 KJM GGH<br><br><br>FINDINGS AND RECOMMENDATIONS |

***Introduction***

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U. S. C. § 2254. ECF No. 1. Pending before the court is respondent's motion to dismiss on the ground that petitioner is barred by the one-year statute of limitations pursuant to 28 U.S.C. § 2244(d). ECF No. 10. Petitioner has filed an opposition arguing statutory and equitable tolling, ECF No. 16, which respondent has filed a reply. ECF No. 18. After carefully reviewing filing, the court now issues the following findings and recommendations recommending a granting of the motion to dismiss.

***Discussion***

I.    <u>Statute of limitations</u>

On April 24, 1986, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"). Pursuant to 28 U.S.C. § 2244(d)(1), AEDPA imposes a one-year

1

statute of limitations for federal habeas corpus petitions. 28 U.S.C. §2244(d)(1) provides, in pertinent part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;
>
> (D) or the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d).

On September 15, 2011, petitioner was convicted in Sacramento County Superior Court for second degree murder and it was found true an enhancement for personally and intentionally discharging a firearm, causing death. Resp't's Lodg. Doc. No. 1. She was sentenced to an indeterminate sentence of 40 years to life. Id. On February 27, 2015, the Third District Court of Appeal affirmed the judgment. Resp't's Lodg. Doc. No. 2. A petition for review with the California Supreme Court raising eight claims, was denied on June 17, 2015. Resp't's Lodg. Doc. Nos. 3, 4.

Thereafter, petitioner filed three state habeas petitions. The first petition was filed in Sacramento Superior Court on September 8, 2016, raising seven issues. Resp't's Lodg. Doc. No. 5. The petition was denied on September 21, 2016 for being untimely. Resp't's Lodg. Doc. No. 6. The second petition filed in the Third District Court of Appeal on October 20, 2016, was denied on November 10, 2016. Resp't's Lodg. Doc. Nos. 7, 8. The third and final state court petition filed in California Supreme Court on December 12, 2016, was denied on March 15, 2017.

Resp't's Lodg. Doc. Nos. 9, 10. These latter two state petitions were "silent denials," and hence are deemed to have adopted the conclusion of the Superior Court. Ylst v. Nunnemaker, 501 U.S. 797 (1991).

1. Statutory Tolling

    a. Finality of Direct Review

Without considering the state habeas petitions for the moment, petitioner's conviction became final for purposes of AEDPA on September 18, 2016. Accordingly, this instant action filed December 29, 2016 is barred as untimely unless petitioner is entitled to statutory or equitable tolling.

Here, the pertinent commencement period for the statute of limitations begins on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). In this case, petitioner sought direct review of her conviction from the California Supreme Court, which was denied on June 17, 2015. Resp't's Lodg. Doc. No. 4. The record shows petitioner did not submit a petition for writ of certiorari to the Supreme Court of the United States. ECF No. 1 at 2. Consequently, petitioner's conviction became final at the expiration of the ninety-day period to seek certiorari immediately following the decision of the state's highest court. Clay v. United States, 537 U.S. 522, 528 n.3 (2003); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999). Therefore, petitioner's conviction became final on September 17, 2015, and ADEPA's one-year clock began on September 18, 2015. Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir. 2001) (citing Fed. R. Civ. P. 6(a)) (the day order or judgment becomes final is excluded and time begins to run the day after the judgment becomes final). Absent tolling, petitioner had until September 18, 2016, to file a federal habeas corpus petition.

    b. State's Timeliness Decision

Petitioner argues, however, the state court's denial of her first state habeas petition due to timeliness "does not conform with an established state legal principle and therefore deserves no deference by this court." ECF No. 16 at 3 ¶7. Petitioner argues that because it was denied on procedural grounds as oppose to being adjudicated on the merits, the deference provision of §

3

2254(d) does not apply here. Id. at ¶9. As observed by respondent, petitioner confuses the law regarding procedural default with the rules applicable to statute of limitations analysis.

A state court habeas post-conviction process commenced beyond the expiration of AEDPA's statute of limitations does not toll or revive the limitations period under section 2244(d)(1). See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001). Under AEDPA, the statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2). "An application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Artuz v. Bennett, 531 U.S. 4, 8 (2000) (emphasis in original). "An untimely petition, however, is not 'properly filed' pursuant to 28 U.S.C. § 2244(d)(2), and so it does not toll the statute of limitation." Banjo v. Ayers, 614 F.3d 964, 968 (9th Cir. 2010) (citing Pace v. DiGuglielmo, 544 U.S. 408, 410 (2005); Thorson v. Palmer, 479 F.3d 643, 645 (9th Cir. 2007)). "A California court's determination that a filing was untimely . . . is dispositive." Id. (citing Carey v. Saffold, 536 U.S. 214, 225-26 (2002)).

In this case, therefore, *none* of the state petitions tolled the AEDPA limitations period as *none* of them were "properly filed." As indicated above, the Superior Court expressly denied the first state habeas petition on untimeliness grounds, and by virtue of the "look through" doctrine, the two latter courts did so as well.[1]

Accordingly, this petition is untimely unless petitioner can show equitable tolling exists.

2. Equitable Tolling

A habeas petitioner is entitled to equitable tolling of AEDPA's one-year statute of limitations only if she shows: (1) that she has been pursuing her rights diligently; and (2) that some extraordinary circumstances stood in her way and prevented timely filing. See Holland v.

---

[1] The parameters of the "look through" doctrine, or even its continued validity, are at issue in a Supreme Court case at issue this term, Wilson v. Sellers, U.S. Supreme Court 16-6855, argued 10/30/2017. However, unless and until the Supreme Court rules that the "look through" doctrine no longer applies, the undersigned is bound to apply it. Even if, however, the doctrine were found not to apply to this case, the California appellate court petition was filed after the limitations period had expired, albeit, not by much.

4

Florida, 560 U.S. 631, 649, 130 S. Ct. 2549, 2562 (2010); Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009). The diligence required for equitable tolling purposes is "reasonable diligence," not "maximum feasible diligence." See Holland v. Florida, 560 U.S. at 653, 130 S. Ct. at 2565. See also Bills v. Clark, 628 F.3d 1092, 1096 (9th Cir. 2010). As to the extraordinary circumstances required, the Ninth Circuit has held that the circumstances alleged must make it impossible to file a petition on time, and that the extraordinary circumstances must be the cause of the petitioner's untimeliness. See Bills v. Clark, 628 F.3d at 1097, citing Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003). This is a very high threshold, "lest the exception swallow the rule." See Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002). In addition, '[w]hen external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling may be appropriate." Lott v. Mueller, 304 F.3d 918, 922 (9th Cir. 2002), quoting Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). Determining whether equitable tolling is warranted is a "fact-specific inquiry." Spitsyn, 345 F.3d at 799 (citing Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001).

        a. "Counsel's" Oversight

In her opposition to the motion to dismiss, petitioner contends equitable tolling is present due to her " 'jailhouse lawyer's' prior legal obligation of assisting another inmate" with her "submission of her state superior court petition that necessarily took precedence due to an earlier AEDPA statute of limitations." ECF No. 16 at 2 ¶4-5.

Both the United States Supreme Court and the Ninth Circuit have repeatedly held that attorney negligence, including misunderstanding of the AEDPA's requirements or miscalculation of the deadline, does not support equitable tolling. Lawrence v. Florida, 549 U.S. 327, 336-37 (2007) (holding that "[a]ttorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel."); Frye v. Hickman, 273 F.3d at 1146 (attorney negligence in miscalculating limitations period does not warrant equitable tolling); Miranda v. Castro, 292 F.3d at 1063 (attorney provision of misinformation about deadline does not warrant equitable tolling); Porter v. Ollison, 620 F.3d 952, 959 (9th Cir. 2010) ("[a]ttorney negligence, including miscalculation of a filing

deadline, is not a sufficient basis for applying equitable tolling"). Such errors constitute "garden variety" excusable neglect, which fails as a matter of law to meet the equitable tolling standard of extraordinary circumstances. Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990).

Facts establishing "extraordinary" or "egregious" attorney misconduct, rather than mere negligence, may nonetheless support equitable tolling. Holland v. Florida, 560 U.S. at 652-54; Spitsyn v. Moore, 345 F.3d at 800. However, petitioner does not sufficiently present any evidence of "egregious" or "extraordinary" misconduct by her habeas "counsel" warranting equitable tolling.

If attorney negligence could not equitably toll the limitations period, certainly non-counsel jailhouse lawyer does not toll it.

Accordingly, the undersigned finds that petitioner has not met her burden of demonstrating the existence of grounds for equitable tolling. See Pace v. DiGuglielmo, 544 U.S. at 418 (petitioner bears the burden of demonstrating grounds for equitable tolling).[2]

*Conclusion*

For the reasons stated above, the undersigned recommends granting respondent's motion to dismiss on the ground that the petition is untimely.

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in these findings and recommendations, a substantial showing of the denial of a constitutional right has not been made in this case

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 10) be granted;

2. The petition be dismissed with prejudice;

3. The District Court decline to issue a certificate of appealability.

---

[2] The petition does not contain an "actual innocence" claim, so no limitations analysis need be made if such a claim had been set forth in the petition.

| | |
|---|---|
| 1 | These findings and recommendations are submitted to the United States District Judge |
| 2 | assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty one days |
| 3 | after being served with these findings and recommendations, any party may file written |
| 4 | objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a |
| 5 | document should be captioned "Objections to Magistrate Judge's Findings and |
| 6 | Recommendations." Any response to the objections shall be filed with the court and served on all |
| 7 | parties within fourteen days after service of the objections. Local Rule 304(d). Failure to file |
| 8 | objections within the specified time may waive the right to appeal the District Court's order. |
| 9 | Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 |
| 10 | (9th Cir. 1991). |
| 11 | Dated: December 2, 2017 |

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE